IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL CHALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-050 |
| | ) | |
| GINO BRANTLEY, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.   BACKGROUND**

Petitioner states he is a pretrial detainee being held by state authorities at CBWDC. (See doc. no. 1, p. 1.) Petitioner explains he is challenging his "[p]re-trial detention pending a criminal case in a facility that actively violates Petitioner's constitutional rights." (Id. at 2.)

However, Petitioner does not challenge his pretrial detention as it relates to his pending criminal case. (See generally id.) Rather, he raises four grounds for relief, all of which center around the conditions of confinement at CBWDC. (Id. at 6-7.) Specifically, Petitioner claims CBWDC officials are violating his religious rights by refusing to provide him with a Bible; he is being denied access to the courts and freedom of communication

because CBWDC refuses to provide legal forms, notary services, and other writing materials; he is being denied adequate medical care; and he is being subjected to cruel and unusual punishment in a facility with sanitation and violence problems. (Id.) For relief, Petitioner requests he be released from custody "on a [r]ecognizance [b]ail" pending completion of the underlying criminal charges for which he is detained. (Id. at 7.)

## II.  DISCUSSION

### A.  The Substance of Petitioner's Claims Form No Basis for Relief

The petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1]; see also 28 U.S.C. § 2243 (requiring response to petition unless it appears applicant is not entitled to relief); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . . .").

Rather than attacking the validity or duration of his pretrial detention, Petitioner requests relief on the basis that the conditions at CBWDC are constitutionally inadequate. (See doc. no. 1, pp. 6-7.) "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th

---

[1] The Rules Governing Section 2254 cases also may be applied to cases filed under Section 2241. Rule 1(b), Rules Governing Section 2254 Cases.

Cir. 2020) (*per curiam*) (same). Accordingly, Petitioner's claims are not cognizable in a § 2241 petition and instead are the province of a § 1983 action. Indeed, Petitioner appears to recognize as much, as he raised substantially similar claims in a complaint filed pursuant to § 1983 signed the same day he signed the instant § 2241 petition. See Chalker v. Brantley, No. 1:25-CV-077, doc. no. 1 (S.D. Ga. Mar. 31, 2025)[2]. Thus, as it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court," the petition is subject to dismissal.

### B.    The Petition Should Also Be Dismissed for Failure to Pay the $5.00 Filing Fee or Submit a Motion to Proceed *In Forma Pauperis*

Petitioner failed to move to proceed *in forma pauperis* ("IFP") or pay the $5.00 filing fee. The Clerk of Court issued a deficiency notice after Petitioner's case was filed because he had not paid the filing fee or filed a motion to proceed IFP, informing him noncompliance could result in dismissal of his case. (See doc. no. 2.) The time to respond to the notice has expired and Petitioner has not submitted the filing fee or moved to proceed IFP. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their

---

[2] A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action sua sponte for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, the deficiency notice explained Petitioner must pay the $5.00 filing fee or move to proceed IFP if he intends to pursue this case. (Doc. no. 2.) Petitioner's failure to comply with the notice evidences non-compliance and amounts to a failure to prosecute. Because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Dismissal for failure to comply with the deficiency notice is appropriate.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of April, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA